# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAE'ZHION SCOTT, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-3381 |
| | : | |
| CHESTER COUNTY PRISON, | : | |
| *Defendant.* | : | |

## MEMORANDUM

**Pappert, J.**                                                                                      **August 19, 2025**

Dae'zhion Scott filed this lawsuit claiming he was subjected to excessive force while incarcerated at the Chester County Prison.[1] Scott seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Scott leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to amendment.

I

Scott brings his Complaint against the Chester County Prison as the only Defendant. (Compl. at 1.)[2] He alleges that on January 24, 2024, while returning to his cell after eating a meal, Correctional Officer Clark "grabbed [him] by the neck and slammed [him] on the table then threw [him] on the floor while on top of [him]" while behaving as though he was going to punch Scott. (*Id.*) Officers Clark and Walston then

---

[1] Scott initially neglected to sign his Complaint in accordance with Federal Rule of Civil Procedure 11 but has since cured that defect by signing and returning a declaration as directed by the Court. (*See* ECF Nos. 3, 6.) He previously attempted to file suit based on the same underlying events, but that case was dismissed without prejudice for failure to prosecute after he abandoned it. *See Scott v. Chester County Prison*, No. 24-2987 (E.D. Pa.).

[2] The Court adopts the pagination provided to the Complaint by the CM/ECF docketing system.

restrained and handcuffed Scott, following which more officers arrived to escort Scott "to medical." (*Id.*) On the way, Scott was "assaulted by multiple other officers [and] handled improperly to the point where [his] shoulders began popping in and out of place." (*Id.*)

As a result of the use of force, Scott experienced "excruciating pain" from his head to his back. (*Id.*) He sought medical care and was ultimately taken to a hospital, where an M.R.I. revealed that he requires surgery on his shoulders. (*Id.*) Based on these events, Scott seeks $500,000. (*Id.*)

II

The Court will grant Scott leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court accepts the facts alleged in the *pro se* Complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts

---

[3] Because Scott is a prisoner, he still must pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Scott is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

III

Scott's Complaint is best construed as bringing excessive force claims pursuant to 42 U.S.C. § 1983 based on the January 24, 2024 incident.[4] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Scott only sued the prison itself, not the prison officials who allegedly used force against him. The Chester County Prison is not subject to liability under § 1983 because a correctional facility is not a "person" under § 1983. *See, e.g.*, *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20,

---

[4] Public dockets reflect that Scott was incarcerated as a pretrial detainee on that date. *See Commonwealth v. Scott*, No. CP-15-CR-0001789-2022 (C.P. Chester). "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (internal quotation and citation omitted). To state a due process violation based on excessive force, a pretrial detainee must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97. The Complaint suggests a plausible basis for concluding that Scott was subjected to excessive force, but he cannot proceed against the named defendant.

2010); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009).

Even if Scott had named the proper municipal defendant, the Complaint does not suggest any basis for municipal liability. To plead a § 1983 claim against a municipal entity, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). Scott's Complaint asserts a one-time constitutional violation committed by individual correctional officers rather than a use of force caused by a municipal policy or custom.

IV

For the foregoing reasons, the Court will grant Scott leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim against the Chester County Prison. Scott will be given leave to file an amended complaint in the event he can state a plausible claim against an appropriate defendant. An order follows, which provides further instruction as to amendment.

                                                          **BY THE COURT:**

                                                    */s/ Gerald J. Pappert*
                                                    **Gerald J. Pappert, J.**